# SUPERIOR COURT OF CINCINNATI

## No. 795

### BREEN v. DOW DRUG CO.

Superior Court, Cincinnati, Hamilton County
No. 58603. Decided July 20, 1923

#### 268. NEGLIGENCE.

(1) Person procuring alcohol at drug store can sue if it contains poisonous ingredients—(2) Sale of impure alcohol for pure is negligence—(3) Waiver of right to object on ground of privileged communication.

MARX, J.

#### Epitomized Opinion

Breen sued the Dow Drug Company for damages for loss of sight, which he claimed was due to the negligence of the Drug Company in selling him wood alcohol in place of grain alcohol, for internal use. In its answer the Drug Company denied the charges and also set up the fact that an attempted purchase of grain alcohol at that time was illegal and that the plaintiff could not claim damages as a result of his own unlawful act. During the trial the court admitted evidence of certain Texas doctors as to what plaintiff said to them was the cause of his blindness. Previous to the introduction of this evidence the plaintiff had testified as to what conversations he had had with these doctors. The evidence was in dispute as to where the plaintiff had procured the wood alcohol. The jury returned a verdict for the defendant, whereupon plaintiff prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. Where plaintiff sought to purchase grain alcohol from a drug store without a prescription, after the enactment of the Prohibition Law, but claims to have received wood alcohol in response to his request, no illegal act was committed so as to bar his claim for damages for blindness caused by drinking such wood alcohol.

2. The sale of wood alcohol to a purchaser requesting grain alcohol without clearly informing such purchaser of such fact, is negligence as a matter of law, and if blindness results from drinking such wood alcohol, plaintiff is entitled to recover.

3. Where the plaintiff voluntarily offers himself as a witness and testifies upon cross-examination without objection to communications made to his physicians concerning the facts as to how he obtained the wood alcohol which caused his blindness, such testimony by the plaintiff without objection constitutes a waiver of any privileged communications and the physicians may, thereafter, be required by the defendant to testify upon the same subject.

Attorneys—T. L. Michie and Wm. P. Hohmann, for Breen; Buchwalter, Headley & Smith, for The Dow Drug Company.